Case 3:21-cv-00122   Document 37   Filed on 11/22/21 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES SHEFFIELD, *et al.*, | § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:21-CV-122 |
| | § | |
| GEORGE P. BUSH, in his official capacity as Commissioner of the Texas General Land Office, *et al.*, | § § § § § | |
| Defendants. | § § | |

# **ORDER**

Before the court is the defendants' Motion to Dismiss, Dkt. 19, and the plaintiffs' Motion for Preliminary Injunction, Dkt. 16. To assist the court in ruling on the motions, the parties are hereby ORDERED to adequately brief the following questions:

1. Explain the meaning of the following phrases found in the Texas Open Beaches Act and in the Temporary Order issued March 29, 2021:
    a. "Minimum public beach easement." *See* Temporary Order at 2 ("The area from the MLT to 200 feed landward shall be the minimum public beach easement.").
    b. "Public Beach Easement." *See* Temporary Order at 2.

2. The Open Beaches Act defines "public beach," but not "public beach easement" or "minimum public beach easement." Is there a difference between "public beach" and "public beach easement"?

3. The Temporary Order provides that the Order shall be "filed for record by the land office in the real property records of the county in which the areas of beach subject to the order are located." At the October 25 hearing, the parties disputed whether

    the Temporary Order was filed as part of the subject properties or as a "miscellaneous document."
  a. Provide copies of the real property indexes for the properties in question and/or the "miscellaneous document" records in question.
  b. Provide relevant case law, if any exists, as to whether the filing of the Temporary Order in this manner constitutes an encumbrance.

4. The GLO asserts in its Motion to Dismiss that the Supreme Court has "recognized that government use of private property consistent with background restrictions on property rights and common law principles, as anticipated under the OBA, *would not* rise to the level of a taking."
    a. Provide any documentation or evidence, such as historical land grants, showing the existence of background restrictions on the properties at issue in this case.

5. Explain the difference in the procedure for obtaining construction permits pre- and post-issuance of the Temporary Order. Provide any evidence of rules or understandings related to the permitting process.

6. Explain whether physical possession by an agency is required to constitute a Fifth Amendment Taking in federal court. *See Porretto v. Tex. Gen. Land Office*, 448 S.W.3d 393, 401 ("In *Texas Parks and Wildlife Department v. Sawyer Trust*, we concluded that a state agency's assertions of ownership of property did not themselves constitute a taking of the property when the agency had not attempted to take possession of the property.").
    a. Explain the applicability of *Porretto* in the instant case.

The parties are ordered to submit supplemental briefs responding to the above questions (limited to 10 pages, excluding attached exhibits, if any) no later than December 10, 2021.

SIGNED on Galveston Island this 22nd day of November, 2021.

                                                  JEFFREY VINCENT BROWN
                                                  UNITED STATES DISTRICT JUDGE